IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00328-MR

| | |
|---|---|
| CARL LORICE BREWTON,[1] ) <br> ) <br>           Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ERIK A. HOOKS, ) <br> ) <br>           Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1] and the Respondent's Motion to Dismiss on Statute of Limitations Grounds and on Grounds of Non-Exhaustion [Doc. 11]. Also pending are Petitioner's Amended § 2254 Petition [Doc. 16], Motion for Evidentiary Hearing [Doc. 17], and Motion for Appointment of Counsel [Doc. 18].

**I. BACKGROUND**

Carl Lorice Brewton (the "Petitioner") is a prisoner of the State of North Carolina. On January 26, 1995, the Petitioner was found guilty of two counts

---

[1] Also known as Akinsanya Idrissa El.

of first-degree murder and one count of robbery with a dangerous weapon for offenses that occurred on November 1, 1993 when Petitioner was 16 years old. [Doc. 12-2 at 20-22]. The evidence presented at trial included a written voluntary statement that Petitioner provided on November 2, 1993, that was signed by a Detective Michael Downing, the Petitioner, and Octavia Harrison, the Petitioner's mother. [Doc. 12-23 at 33]. He was sentenced to consecutive sentences of life imprisonment for the murders.[2] [Doc. 12-2 at 23-26].

The Petitioner filed a direct appeal. The North Carolina Court of Appeals affirmed on March 8, 1996. State v. Brewton, 342 N.C. 875, 467 S.E.2d 395 (1996).

On August 20, 2013, Petitioner filed a *pro se* petition for writ of habeas corpus in the Buncombe County Superior Court. [Doc. 12-10 at 2]. The petition was denied on August 21, 2013. [Doc. 12-11 at 2].

On October 8, 2013, the Petitioner filed his first *pro se* Motion for Appropriate Relief ("MAR") in Buncombe County Superior Court. [Doc. 12-12 at 2]. The MAR was denied on December 9, 2013. [Doc. 12-13 at 2].

---

[2] Because the armed robbery served as the underlying predicate felony for the finding of first-degree murder as to one of the victims, the trial court arrested judgment for the conviction for robbery with a dangerous weapon. [Doc. 12-2 at 27].

On November 5, 2014, the Petitioner filed his second *pro se* habeas petition in Buncombe County Superior Court. [Doc. 12-14 at 2]. The petition was denied on November 12, 2014. [Doc. 12-15 at 2].

On March 10, 2015, the Petitioner filed a *pro se* "Motion to Correct Clerical Mistakes and Omissions" in Buncombe Count Superior Court [Doc. 12-16 at 2] and, on April 6, 2015, he filed his second *pro se* MAR [Doc. 12-17]. The Motion to Correct and MAR were denied on April 6, 2015. [Doc. 12-18 at 2].

On March 14, 2016, the Petitioner filed his third *pro se* MAR in Buncombe County Superior Court. [Doc. 12-19 at 2]. In support of the MAR, Petitioner filed exhibits including a Declaration by the Petitioner's mother, Octavia Harrison, dated March 3, 2016. The Declaration states that Harrison was in the room when Petitioner wrote his statement, and that he told her immediately after completing it that a detective had told him that, if he did not cooperate, "they would lock up [the Petitioner's] mother and have his baby sister put in a house." [Doc. 12-19 at 15]. The MAR was denied on June 15, 2016. [Doc. 12-20 at 2].

On February 16, 2017, the Petitioner filed his fourth *pro se* MAR in Buncombe County Superior Court. [Doc. 12-21 at 2]. It was denied on March 3, 2017. [Doc. 12-22 at 2].

On November 19, 2018, Petitioner filed his fifth *pro se* MAR in Buncombe County Superior Court. [Doc. 12-23 at 2]. In support of the MAR, the Petitioner filed exhibits including an Affidavit by Harrison dated February 10, 2017, stating that the Petitioner was threatened and coerced to write the statement that Harrison had witnessed and signed. [Doc. 12-23 at 24]. The MAR was denied on January 25, 2019. [Doc. 12-24 at 2]. The Petitioner filed a *pro se* petition for writ of certiorari on March 28, 2019 in the Supreme Court of North Carolina, seeking review of the January 25 order. [Doc. 12-25 at 2]. The Supreme Court dismissed the petition on May 14, 2019. [Doc. 12-26 at 2].

The Petitioner filed the present § 2254 habeas petition in this Court on November 20, 2019.[3] [Doc. 1]. He raises the following claims: (1) that the Petitioner was denied due process when the trial court admitted at trial Detective Langdon Raymond's handwritten notes regarding the Petitioner's confession; (2) that the Petitioner was denied due process when the trial court admitted at trial Detective Chris Eby's handwritten notes regarding the Petitioner's confession; (3) that the Petitioner was denied due process when the Court permitted the jury to review the detectives' handwritten notes

---

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2254 (prisoner mailbox rule applicable to § 2254 petitions).

during their deliberations; (4) that counsel was ineffective for failing to subpoena the Petitioner's mother to testify at the suppression hearing in order to prove that the confession was coerced by police and violated the Petitioner's rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966);[4] (5) that counsel was ineffective for failing to object to the introduction at trial of Detective Raymond's handwritten notes regarding the Petitioner's confession; (6) that counsel was ineffective for failing to object when Detective Eby's handwritten notes regarding the Petitioner's confession were read to the jury; (7) that counsel was ineffective for failing to object to the jury's review of the detectives' notes during deliberations; and (8) that a conflict of interest existed due to successive representation.[5]

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), or alternatively, on grounds that the Petitioner failed to exhaust his administrative remedies. On March 8, 2021, the Court issued an Order

---

[4] The Petitioner contends that Harrison would have testified that the Juvenile Rights Advisement form was signed after he completed his written statement. A review of the record reveals that the Voluntary Statement was completed at "1705" hours [Doc. 12-19 at 13], whereas the Juvenile Rights Advisement form indicates that the interview began at 5:35 PM and ended at 6:35 PM [Doc. 12-19 at 12]. Detective Downing testified that he incorrectly indicated that the Statement was completed at "1705" rather than "1905," and that the Petitioner was advised of his rights and signed the waiver form before completing his written statement. [Doc. 12-5 at 44, 56-58].

[5] One of the Petitioner's trial attorneys also represented him on direct appeal.

advising the Petitioner of his right to respond to the Motion to Dismiss. [Doc. 13]. Petitioner then filed an unverified Amended § 2254 Petition, in which he restates his claims for relief as well as his limitations and exhaustion arguments. [Doc. 16]. He then submitted a Response to the Petitioner's Motion to Dismiss [Doc. 19], and Motions seeking an evidentiary hearing and the appointment of counsel [Doc. 17, 18]. The pending motions are now ripe for review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244. The limitation period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review…." 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

### A. Respondent's Motion to Dismiss

#### 1. Statute of Limitations

The Respondent moves for dismissal of the § 2254 petition on grounds that it is barred by the one-year statute of limitations. [Doc. 11].

The Petitioner's conviction and sentence became final on or about June 6, 1996, 90 days after the North Carolina Court of Appeals disposed of his direct appeal. See Clay v. United States, 537 U.S. 522, 527 (2003). The Petitioner is not entitled to any tolling of the limitations period because he did not file any "properly filed application for State post-conviction or other collateral review" before the one-year statute of limitations expired. 28 U.S.C. § 2244(d)(2). By the time he began seeking collateral relief in the North Carolina courts, no time remained to be tolled. See Castillo v. Perritt, 142 F. Supp.3d 415, 417 (M.D.N.C. 2015) ("[O]nce the limitations period has

7

expired, later-filed State post-conviction petitions cannot revive it.") (citations omitted).

The instant § 2254 petition, which Petitioner filed in this Court on November 20, 2019, was filed more than 22 years late and is subject to dismissal unless the Petitioner can show he is entitled to statutory tolling under § 2244(d)(1)(B), (C), or (D), or that equitable tolling applies.

The Petitioner does not dispute that he untimely filed his § 2254 petition. In addressing the timeliness of his petition, the Petitioner argues as follows:

> I received an affidavit in January 2018, from Octavia Harrison about what she witnessed at the Asheville Police Department. I did not know that she witnessed the threats and coercion that was perpetrated by the detectives. Her testimony would have corroborated my testimony as well as my version of the events during the pretrial hearing to suppress statements which formed the bases of the State's case. Actually their entire case.
>
> All of my legal books and draft MAR, memoranda brief, discovery etc. was taken and destroyed days later by a correctional officer. I later filed a tort claim with the Industrial Commission about it. The case is still ongoing.[6] In November I filed the MAR because of the time limit was approaching and Grounds 1, 2, 3, and 7 was not raised because of lost paperwork.

---

[6] On October 23, 2020, the North Carolina Industrial Commission ("NCIC") awarded the Plaintiff $100 for the negligent destruction of 10 legal books by correctional officers at the Tabor Correctional Institution on February 12, 2018. [Doc. 12-27 at 4]. The NCIC denied the Plaintiff's claim that the confiscation prevented him from timely filing an MAR. [See Doc. 12-17 at 7].

8

[Doc. 1 at 14].

The Petitioner asserts that the factual predicate for his § 2254 claims became known to him in January 2018 when he acquired his mother's Affidavit,[7] the pertinent law books, and legal research material. [Doc. 19 at 4-5]. He argues that the correctional officers' seizure and destruction of his legal materials on February 12, 2018 should toll the statute of limitations until November 19, 2018 when he filed his fifth MAR. [Doc. 19 at 6].

### 2. Impediment to Filing

By its express terms, to warrant delayed accrual under § 2244(d)(1)(B), a petitioner must show that: "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Henderson v. Perry, 2015 WL 5692229, at *3 (W.D.N.C. Sept. 28, 2015) (quoting Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003)).

The Petitioner appears to suggest that correctional officers' confiscation of legal materials from him on February 17, 2018 constituted a state impediment that prevented him from filing his § 2254 petition. This argument is unavailing because the alleged confiscation did not occur until more than 20 years after the § 2254 statute of limitations expired. The

---

[7] This appears to refer to the February 10, 2017 Affidavit that was attached to Petitioner's November 19, 2018 MAR. [Doc. 12-23 at 24].

9

Petitioner fails to explain how the February 2018 confiscation of legal materials prevented him from filing his § 2254 petition within a year of his conviction becoming final on June 6, 1996, or at any time during the following two decades before the 2018 confiscation occurred. Therefore, Petitioner's reliance on § 2244(d)(1)(B) is without merit.

### 3. Newly Discovered Evidence

A claim of newly discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The provision is triggered "not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it commences when he '*could have* … discovered it." Sawyer v. Kiser, No. 1:16cv40 (GLB/TCB), 2017 WL 631574, at *4 (E.D. Va. Feb. 15, 2017) (emphasis in original).

First, the Petitioner argues that he did not learn of his mother's February 10, 2017 Affidavit until January 2018. However, this is not sufficient to constitute newly discovered evidence for purposes of tolling the statute of limitations. The Affidavit largely addresses matters that allegedly occurred on November 2, 1993 when Harrison witnessed the Petitioner writing his confession. The matters that occurred within the Petitioner's presence were

10

certainly within the Petitioner's knowledge and/or were part of the record in his case. See generally Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003) (limitations period not extended under when petitioner could have learned information available from "public sources"); see, e.g., Castillo v. Perritt, 142 F.Supp.3d 415 (M.D.N.C. 2015) (petitioner knew or should have known about his arresting officers' conduct and the contents of his indictment no later than the date of his plea). To the extent that the Petitioner argues that he could not file a § 2254 petition until he had his mother's statement in writing, he could have obtained her written statement at any time through the exercise of due diligence. Indeed, he previously obtained a Declaration from Harrison in support of his March 14, 2016 MAR. [Doc. 12-19 at 14] (March 3, 2016 Declaration of Octavia Harrison). The Petitioner completely fails to explain why it took him more than 20 years to obtain an Affidavit from his mother.

Second, the Petitioner argues that he discovered the legal basis for his § 2254 claims only after he conducted legal research in January 2018. Section 2244(d)(1)(D) refers to the time the petitioner could have discovered the important facts through the exercise of diligence, "not when the prisoner recognizes their legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); Spiker v. Clarke, 2016 WL 3189296 (W.D. Va. June 7, 2016)

11

(same).  The fact that the Petitioner may not have appreciated the legal basis for his claims until January 2018 is irrelevant to his claim of newly discovered evidence because the Petitioner knew, or could have discovered, the relevant facts to support them much earlier through the exercise of due diligence.

Because the Petitioner has failed to come forward with any new evidence that could not have been previously discovered with the exercise of due diligence, § 2244(d)(1)(D) does not apply.[8]

### 4. Equitable Tolling

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010).  Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

---

[8] The Petitioner does not appear to assert that § 2244(d)(1)(C) applies here.

The Petitioner, who waited more than 22 years after his conviction became final to file the instant § 2254 petition cannot demonstrate that he diligently pursued his rights.  <u>See</u> Section 3, *supra.*  The Petitioner has also failed to identify any "extraordinary" circumstance outside his control that prevented him from timely filing a § 2254 petition.  First, the Petitioner's receipt of his mother's Affidavit in January 2018 was not outside his control as previously discussed.  Nor is it extraordinary.  The Affidavit addresses incidents for which the Petitioner was present and/or which are within the record that would have been available to the Petitioner, at the latest, by the completion of the direct appeal in 1996.  Nothing about his mother's most recent Affidavit warrants equitable tolling.

Second, the Petitioner argues that legal materials which were necessary for him to properly pursue his federal habeas remedy were destroyed by a correctional officer in February 2018.  The Petitioner has failed to adequately explain how the alleged deprivation of legal materials in February 2018 prevented him from timely filing the instant § 2254 petition.  As previously discussed, his conviction became final in 1996, and he had one year to file a timely § 2254 petition.  He has failed to explain how the confiscation of legal materials in 2018 had any bearing whatsoever on his ability to timely file a § 2254 petition within the one-year statute of limitations

that expired in 1997, or in the two decades between the finality of his conviction and the 2018 confiscation.

Finally, the Petitioner appears to argue that he should be granted equitable tolling because he did not understand how the law applied to the facts of his case until January 2018. The Petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling of the statute of limitations. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

Because statutory and equitable tolling do not apply here, the Petitioner's habeas petition will be dismissed as untimely under § 2244(d)(1)(A).

### 5. Exhaustion of Administrative Remedies

The Respondent moves in the alternative to dismiss the § 2254 petition on the grounds that the Petitioner failed to exhaust his administrative remedies. However, because the § 2254 petition is subject to dismissal as untimely filed as set forth above, it is not necessary to address the Respondent's exhaustion argument.

## B. Petitioner's Amendment

The Petitioner has filed an "Amendment to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" [Doc. 16], in which he restates his claims for relief "to clarify the factual predicate and state the reason why state remedies … [were] not exhausted." [Doc. 16 at 3]. Specifically, he argues: (1) "Mr. Brewton was denied due process of law under the Fourteenth Amendment … when the trial court permitted the prosecutor to introduce into evidence hearsay testimony;" (2) "Mr. Brewton was denied due process of law under the Fourteenth Amendment … when the trial court admitted into evidence hearsay testimony;" (3) "Mr. Brewton was denied due process of law under the Fourteenth Amendment … when the trial court permitted the jury to review hearsay testimony during deliberations;" (4) "Mr. Brewton was denied his right to effective assistance of trial counsel under the Sixth Amendment … when trial counsel failed to subpoena Mrs. Harrison as a corroborating witness;" (5) "Mr. Brewton was denied his right to effective assistance of trial counsel under the Sixth Amendment … when trial counsel failed to object to the introduction of hearsay testimony;" (6) "Mr. Brewton was denied his right to effective assistance of trial counsel under the Sixth Amendment … when trial counsel failed to object to the admission of hearsay testimony;" (7) "Mr. Brewton was denied his right to effective assistance of

trial counsel under the Sixth Amendment … when trial counsel failed to object to the admission of hearsay testimony;" and (8) "Mr. Brewton was denied his right to effective assistance of appellate counsel under the Sixth Amendment … due to an actual conflict of interest stemming from successive representation." [Doc. 16 at 2-15]. The Petitioner claims that the "factual predicate" for claims (1), (2), (3), (5), (6), (7), and (8) became known to him in January 2018 when he "acquired the pertinent law books and legal research material" and discovered that the testimony violated the hearsay rule. [Doc. 16 at 3-6, 10, 12, 14, 15]. He argues that the factual predicate for claim (4) became known to him in January 2018 when he received Harrison's affidavit stating that she witnessed detectives make verbal threats and put Petitioner under duress while he was being interrogated. He claims that he also became aware that trial counsel knew Harrison had personal knowledge of the threats, duress, and coercion against Petitioner, as well as threats made to Harrison by detectives "if she didn't roll on him…."[9] [Doc. 16 at 8-9].

The Amendment is insufficient to proceed in that it is not signed under penalty of perjury. Rule 2(c)(5), 28 U.S.C. foll. § 2254 (a § 2254 petition

---

[9] Harrison's February 10, 2017 Affidavit does not include any reference to detectives threatening her. [See Doc. 12-23 at 24].

must be "signed under penalty of perjury…."). It is also largely repetitive and, with the exception of claims (4) and (7), too lacking in factual allegations to state a claim for relief. Rule 2(c)(2) (a § 2254 petition must "state the facts supporting each ground…."). The Amendment will, therefore, be stricken. Even if the Court were to consider the Amendment on the merits, it would be dismissed with prejudice as time-barred for the same reasons as the § 2254 petition.

**C. Petitioner's Motions**

The Petitioner seeks an evidentiary hearing and the appointment of counsel. [Docs. 17, 18].

This is a § 2254 proceeding for which there is no constitutional right to the appointment of counsel. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949). However, the Rules Governing Section 2254 Cases in the United States District Courts provide for the appointment of counsel when an evidentiary hearing is warranted. Rule 8(c), 28 U.S.C. foll. § 2254.

Because this Order disposes of the Petitioner's § 2254 claim and grants the Respondent's Motion to Dismiss, the Petitioner is not entitled to an evidentiary hearing. Nor has he set forth any other sufficient grounds to justify the appointment of counsel. Accordingly, the Petitioners requests for an evidentiary hearing and for the appointment of counsel shall be denied.

## III. CONCLUSION

For the reasons stated herein, the Respondent's Motion to Dismiss [Doc. 11] is granted. The § 2254 petition is untimely and barred by the statute of limitations and the Petitioner fails to establish that he is entitled to equitable or statutory tolling. The Petitioner's Amendment is stricken and the Petitioner's motions for the appointment of counsel and for an evidentiary hearing are denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS THEREFORE ORDERED** that:

(1) The Respondent's Motion to Dismiss on Statute of Limitations Grounds and on Grounds of Non-Exhaustion [Doc. 11] is

18

Case 1:19-cv-00328-MR   Document 20   Filed 09/30/21   Page 18 of 19

**GRANTED** and the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely.

(2) The Petitioner's "Amendment to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" [Doc. 16] is **STRICKEN**.

(3) The Petitioner's Motion for Evidentiary Hearing [Doc. 17], and Motion for Appointment of Counsel [Doc. 18] are **DENIED**.

(4) The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: September 30, 2021

Martin Reidinger
Chief United States District Judge